IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 3:02-548 |
| | ) | |
| vs. | ) | ORDER VOIDING FORECLOSURE SALE |
| | ) | and FINAL ORDER OF FORFEITURE |
| JOHN KENNETH WILLIAMS | ) | |
| _____ | ) | |
| _____ | ) | |

1. On October 22, 2002, a Federal Grand Jury in the District of South Carolina returned a Second Superseding Indictment in which the Defendant, JOHN KENNETH WILLIAMS, was charged with offenses including conspiracy to possess with intent to distribute and to distribute cocaine and crack cocaine in violation of 21 U.S.C. § 846. The Second Superseding Indictment further charged that conviction for violations of 21 U.S.C. § 846 would subject JOHN KENNETH WILLIAMS to the forfeiture of property used or intended to be used to commit or facilitate the commission of a Title 21 offense or constituting or derived from proceeds that Defendant obtained as a result of a Title 21 violation. The Second Superseding Indictment specified a number of properties that the United States had identified as subject to forfeiture. Subsequently, on December 6, 2002, the United States filed a Third Bill of Particulars giving notice of additional properties the United States had identified as subject to forfeiture, including the real property at 876 West Avenue L, Calimesa, California (hereinafter "Calimesa property").

2. On January 22, 2003, the Federal Grand Jury returned a Third Superseding Indictment, again charging JOHN KENNETH WILLIAMS with drug conspiracy in violation of 21 U.S.C. § 846, and giving notice that all proceeds derived from and any property facilitating the Title 21 violation, including the Calimesa property, would be subject to forfeiture upon conviction for the Title 21 offense.

3. On December 31, 2002, and again on February 10, 2003, the United States recorded a Notice of Lis Pendens in the Riverside County Clerk and Recorder's Office giving notice that the Calimesa property was the subject of a forfeiture action in the United States District Court for the District of South Carolina.

4. On September 8, 2003, the Defendant, JOHN KENNETH WILLIAMS, pled guilty to offenses including violation of 21 U.S.C. § 846 as charged in Count 1 of the Third Superseding Indictment. JOHN KENNETH WILLIAMS stipulated that the properties charged with forfeiture in the Third Superseding Indictment constituted or were traceable to illegal drug proceeds, and/or were used to facilitate such offenses. As part of his Plea Agreement, JOHN KENNETH WILLIAMS agreed to forfeit his interest in the Calimesa property.

5. As a consequence of the Defendant's criminal conviction and pursuant to 21 U.S.C. § 853(c), all right, title and interest of JOHN KENNETH WILLIAMS in the Calimesa property, was forfeited to the United States pursuant to a Preliminary Order of Forfeiture filed March 30, 2004.

6.      On August 4, 2004, the Government filed a Notice of Forfeiture, notifying all interested parties that the United States intended to dispose of the forfeited property, and that pursuant to 21 U.S.C. § 853(n)(1), anyone with a legal interest in the forfeited property, including the Calimesa property, must petition the court within thirty (30) days of notice for a hearing to adjudicate the validity of the claim. On September 15, 2004, the United States served John Charles Ward with a copy of the Notice of Forfeiture and the Preliminary Order of Forfeiture. On August 25, 2004, the United States served Sheila Williams with a copy of the Notice of Forfeiture and the Preliminary Order of Forfeiture. Notice of the forfeiture was published in the District of South Carolina on August 11, 18, and 25, 2004 and in the State of California on November 19, 26, and December 3, 2004.

7.      Despite having notice of the pending forfeiture of the property and the filing of a lis pendens in the county land records, John Charles Ward, the beneficiary of a Deed of Trust according to which he was owed $268,500.00 by John Kenneth Williams and Sheila Williams, proceeded with a non-judicial foreclosure sale on the Calimesa property. On September 26, 2003, John Charles Ward obtained a Trustee's Deed Upon Sale purportedly extinguishing John Kenneth Williams's interest in the Calimesa property.

8.      Further, despite having been personally served with a Notice of Forfeiture and the Preliminary Order of Forfeiture, John Charles Ward has failed to file a petition under 21 U.S.C. § 853(n) claiming any interest in the Calimesa property.

ORDERED that the non-judicial foreclosure sale of the property known as 876 West Avenue L, Calimesa, California, is hereby voided, and the United States of America is declared to be the owner of the property under 21 U.S.C. § 853(g). It is further

ORDERED that the United States Marshals Service shall take whatever steps it deems appropriate to gain custody and control of the property, and any occupants of the said property shall vacate the premises within (15) fifteen days of the service of a copy of this order, as directed by the USMS.

It further appearing to the Court that no other petitions have been filed asserting an interest in property forfeited pursuant to the Preliminary Order of Forfeiture filed March 30, 2004, it is therefore

ORDERED

All right, title and interest in and to the following property is hereby forfeited to the United States of America:

> 876 West Avenue L, Calimesa, Riverside County, California
>
> THOSE PORTIONS OF BLOCK 262 AND 263 AND THAT CERTAIN 60' ROAD AS VACATED BY THE COUNTY OF RIVERSIDE, BY RESOLUTION RECORDED NOVEMBER 30, 1954 AS INSTRUMENT NO. 62784, AS SHOWN BY MAP OF RESURVEY OF A PART OF SUBDIVISION NO.9 OF PART OF YUCAIPA VALLEY, AS SHOWN BY MAP ON FILE IN BOOK 10 PAGE 32 OF MAPS, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA, DESCRIBED AS FOLLOWS:
>
> BEGINNING AT A POINT IN THE CENTER LINE OF AVENUE "L" (FORMERLY IOWA STREET) WHICH BEARS NORTH 89○ 56' WEST 280 FEET FROM THE SOUTHEAST CORNER OF BLOCK 262, SAID POINT BEING SOUTHWEST CORNER OF THAT PARCEL DESCRIBED

IN THE DEED TO GORDON L. JETTI ETUX BY DEED RECORDED OCTOBER 25, 1975 AS INSTRUMENT NO. 133961 OF OFFICIAL RECORDS OF RIVERSIDE COUNTY, CALIFORNIA;

THENCE CONTINUING ALONG THE CENTER LINE OF AVENUE "L" NORTH 89○ 56' WEST 267.5' TO A POINT WHICH BEARS SOUTH 89○ 56' EAST 70 FEET FROM THE SOUTHWEST CORNER OF BLOCK 262, SAID POINT BEING THE SOUTHEAST CORNER OF THAT CERTAIN PARCEL CONVEYED TO WALTER C. PYLE ET UX BY DEED RECORDED SEPTEMBER 11, 1967 AS INSTRUMENT NO. 79382 OF OFFICIAL RECORDS OF RIVERSIDE COUNTY, CALIFORNIA;

THENCE NORTH AND PARALLEL WITH THE EAST LINE OF BLOCK 262 ACROSS PORTIONS OF SAID BLOCK 262 AND 263, TO THE NORTHERLY LINE OF SAID BLOCK 263,

THENCE NORTH 73○ 53' 42" EAST 109.04';

THENCE 58○ 50' 04", 190.04 TO THE NORTHWEST CORNER OF THAT CERTAIN PARCEL CONVEYED TO FRANK L. LEVINS ET UX BY DEED RECORDED JUNE 24,1964 AS INSTRUMENT NO. 77153 OF OFFICIAL RECORDS OF RIVERSIDE COUNTY, CALIFORNIA;

THENCE SOUTH 0○ 01' 30" EAST ALONG SAID LINE OF SAID FRANK L. LEVINS AND GORDON K. JETTI A DISTANCE OF 450.96' TO THE POINT OF BEGINNING;

EXCEPTING THEREFROM A RIGHT OF WAY FOR PUBLIC ROAD PURPOSES OVER THE SOUTH 30' IN LOT D NOW AVENUE "L".

This being the identical property conveyed to John Williams and Sheila Williams by John C. Ward by Deed recorded March 31, 1997, in the Office of Clerk for Riverside County as Instrument #97-107720 Official Records.

Pursuant to 21 U.S.C. § 853(n)(7), clear title in and to the above-described property is vested in the United States of America, its successors and assigns, and no other right, title or interest exists therein. All other claims to the above-described forfeited property are

5

forever foreclosed and barred, and the said property shall be disposed of by the United States Marshals Service in accordance with law. Any real property taxes constituting a valid lien on the above-described property shall be paid from the proceeds of sale of the above-described property, in accordance with stated policies of the United States Department of Justice.

It is further Ordered that John Charles Ward and Shoshone Service Corporation shall execute any and all documents to effect the intent of this order as necessary, including a quit claim deed from John Charles Ward to the United States.

Further, it is Ordered that the County Clerk and Recorder's Office, Riverside County, California shall enter any and all records necessary to effect the intent of this Order, including indexing this Order, the effect of which is to void the Trustee's Deed Upon Sale issued to John Charles Ward, which Deed was recorded September 30, 2003.

AND IT IS SO ORDERED

                                        c/Cameron McGowan Currie
                                        THE HONORABLE CAMERON MCGOWAN CURRIE
                                        UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 6, 2005